UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| National Heritage Foundation, Inc. ) | Case No. 09-10525-SSM |
| Debtor ) | |
| ) | Chapter 11 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

COMES NOW JUAN J. MANCILLAS, M.D. AND SYLVIA MANCILLAS, INDIVIDUALLY, AND AS NEXT FRIENDS OF CARLO LANDA MANCILLAS, AND OMAR LANDA MANCILLAS ("MOVANTS") and file this their Motion for Relief from Automatic Stay, and would show the Court as follows:

**I.**

**BACKGROUND**

1. On or about September 10, 2008, Plaintiffs obtained a judgment against the National Heritage Foundation, Inc. (hereinafter, "Debtor") in a Texas state court in the approximate amount of $6.2 million. A jury in that case found that Debtor was liable for damages to Movants for fraud, breach of fiduciary duty, breach of contract, negligence and violations of the Texas Deceptive Trade Practices Act and awarded about $9 million in damages. The trial judge reduced the $9 million verdict to $6.2 million judgment. *A true and correct copy of the judgment is attached hereto as Exhibit A*.

2. Philadelphia Indemnity Insurance Company and Maryland Casualty Insurance Company (collectively, the "Insurance Companies") each issued one or more liability insurance policies in which they agreed to indemnify Debtor for any such judgments obtained against Debtor. *A true and correct copy of the policy issued by Philadelphia Indemnity Insurance Company is attached hereto*

*as Exhibit B and the policy issued by Maryland Casualty Insurance Company is attached hereto as Exhibit B.*

3.  Under Texas law, judgment creditors such as Movants are third-party beneficiaries of these liability insurance policies. In their capacity as third-party beneficiaries of the insurance contracts, Movants filed a lawsuit against the Insurance Companies to enforce their contractual obligations to indemnify Debtor for the judgment that Movants obtained against Debtor. That lawsuit is pending in the United States District Court for the Southern District of Texas, McAllen, Division, Civil Action No. M-08-301 (the "Insurance Lawsuit"). <u>Debtor is not a party in the Insurance Lawsuit</u>. Nevertheless, in the event the Insurance Lawsuit has been stayed by this Chapter 11 proceeding, Movants seek relief from that stay in order to proceed with the Insurance Lawsuit to enforce the Insurance Companies' obligation to indemnify Debtor. Any amounts paid by the Insurance Companies towards Movants' judgment would serve to reduce the amounts owed by Debtor that would otherwise be paid from property of Debtor's estate.

## II.

## RELIEF REQUESTED

4.  Movants seek relief from the automatic stay as provided for in 11 U.S.C. 362(d) and Fed.R.Bank.P. 4001 so that Movants may proceed with the Insurance Lawsuit.

## III.

## APPLICABLE LAW

5.  Section 541(a) of the Bankruptcy Code defines property of the estate as "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). However, "property in which the debtor holds…only legal title and not an equitable interest…becomes property of the estate…only to the extent of the debtor's legal title to such

property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(a). This distinction—between holding legal title to a liability insurance policy and having equitable title to the proceeds of that policy—is the critical issue behind this motion.

6.    When dealing with a debtor's insurance policy, the debtor has legal title to the policy itself and therefore the policy is property of the estate. *Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d 51, 55 (5th Cir. 1993). Owning an insurance policy, however, is far different from owning the proceeds of that policy. *In re Louisiana World Exposition*, 832 F.2d 1391, 1399 (5th Cir. 1987). In determining whether a debtor has any equitable interest in the proceeds of an insurance policy, the test "is whether the debtor would have a right to receive and keep those proceeds when the insurer paid on a claim." *Edgeworth*, 993 F.2d at 55. "When the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *Id*. Examples of insurance policies whose proceeds are property of the estate include casualty, collision and fire insurance policies in which the debtor is a beneficiary. Proceeds of such insurance policies, if made payable to the debtor rather than a third party such as a bank, are property of the estate and may inure to all bankruptcy creditors. But under the typical liability policy, the debtor will not have a cognizable interest in the proceeds of the policy because the proceeds will only be payable for the benefit of those harmed by the debtor by conduct covered by the terms of the insurance policy.

7.    The insurance policies at issue here are liability policies whereby the Insurance Companies agree to indemnify Debtor in the event a third party obtains a judgment against Debtor for a matter covered by the liability policy. Philadelphia Indemnity Insurance Company issued a "Not-For-Profit Organization Directors & Officers Liability Insurance" policy to National Heritage Foundation, Inc. identified by policy number PHSD150434. *Exhibit B, p. 13*. The policy limits for that coverage are

$5,000,000. *Id.* The insuring agreement in the policy states that the insurance company "will pay on behalf of the Organization,[1] Loss[2] from Claims[3] made against the Organization during the Policy Period…for a D & O Wrongful Act."[4] *Id., p. 18, Part 1, § I(C)*. There is no provision in this liability coverage for any payment to the Debtor that the Debtor is entitled to keep. Any payments under this coverage would be paid to third parties who obtain a judgment against the Debtor for claims that arise from a "D & O Wrongful Act".

8.     Maryland Casualty Company issued policy number PAS 41033607 which included a "Commercial General Liability Coverage Form."[5] *Exhibit C*. The "per occurrence" policy limits for that coverage are $1,000,000. *Id., p. 3*. The insuring agreement in the CGL Form states that the insurance company "will pay those sums that the insured[6] becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." *Id., p. 6*. The policy also states that "a person or organization may sue us to recover on…a final judgment against an insured obtained after an actual trial…" *Id., p. 16*. There is no provision in the CGL Form for any payment to the Debtor that the Debtor is entitled to keep. Any payments under this coverage

---

[1] "Organization" refers to the National Heritage Foundation, Inc., the named insured set forth in the Declarations Page of the insurance policy. *Exhibit B, pp. 30 [¶¶ J, K] and 13*.

[2] The definition of "Loss" in the policy includes "Damages" which is further defined as "a monetary judgment, award or settlement including punitive, exemplary or multiple portion thereof…" *Id., pp. 29 [¶ I] and 28 [¶ C]*.

[3] "Claims" are defined as "any judicial…proceeding (including any appeal therefrom) which subjects an Insured to a binding adjudication of liability for a monetary or non-monetary relief for a Wrongful Act." *Id., p. 28 [¶ B]*.

[4] "D & O Wrongful Act" is defined as "any actual or alleged act, error, omission, misstatement, misleading statement, neglect, breach of duty…committed or attempted by an Individual Insured in his/her capacity as an Individual Insured; or by the Organization." *Id., p. 18*.

[5] Policy No. PAS 41033607 has coverage forms other than the CGL coverage form that provide insurance for NHF's buildings and other property damage. Of course, those types of property coverage would provide payment directly to NHF, or a designated creditor in certain circumstances, in the event property is damaged. The only coverage form that would provide indemnity for NHF for judgments obtained against it is the CGL Coverage Form. For that reason, Exhibit C only includes copies of Policy No. PAS 41033607 that relate to the CGL Coverage Form.

[6] The "insured" under this policy is the National Heritage Foundation, Inc. *Exhibit C, p. 2*.

would be paid to third parties who obtain a judgment against the Debtor that is covered by the CGL Form.

9. Clearly, if the Insurance Companies are required to pay a claim under the policies, the Debtor would have no right to receive and keep the proceeds. Rather, the proceeds would be paid to a third party judgment creditor, such as Movants. Because the Debtor does not have the right to receive or keep the proceeds paid on the liability policies, the proceeds of the policies issued by the Insurance Companies are not property of the estate. *Edgeworth*, 993 F.2d at 55.

10. The Fifth Circuit in *In re Louisiana World Exposition* addressed whether proceeds from a Director & Officer's liability insurance policy, which belonged to the bankrupt company's estate but named the company's directors as beneficiaries, were part of the bankrupt's estate. The Court held that the proceeds were not property of the estate. *In re Louisiana World Exposition*, 832 F.2d at 1400. The Court drew a "distinction between owning a policy and owning the proceeds" and noted that "the question is not who owns the policies, but who owns the…proceeds." *Id*. <u>The policy issued by Philadelphia Indemnity Insurance Company is also a director's and officer's liability policy like the one at issue in the *In re Louisiana World Exposition* case</u>. Like the policy in the *In re Louisiana World Exposition* case, it insures the directors and officers of Debtor.

11. The Third Circuit in *First Fidelity Bank v. McAteer*, 985 F.2d 114 (3rd Cir. 1993) agreed with the distinction the Fifth Circuit made between having an ownership interest in an insurance policy, and having an ownership interest in the proceeds from that policy. The Third Circuit held that proceeds from a credit life insurance policy were property of the creditor beneficiary of the policy, and not property of the bankruptcy estate. *McAteer*, 985 F.2d 118-119. The court stated that "if the owner of a life insurance policy did not have an interest in its proceeds, the filing of the petition in

bankruptcy cannot create one." *Id*., at 117. It stated further that the "estate in bankruptcy only includes property to which the debtor would have had a right if the debtor were solvent." *Id*.

## IV.

## CONCLUSION

12. For the reasons stated herein, Movants respectfully request that this Honorable Court lift the automatic stay so that Movants may pursue the Insurance Lawsuit against the Insurance Companies that is pending in the Southern District of Texas.

Respectfully submitted,

**TYLER, BARTL, RAMSDELL & COUNTS, P.L.C.**
700 S. Washington Street, Suite 216
Alexandria, Virginia 22314
Telephone: (703) 549-5000
Fax: (703) 549-5011

/s/ Gregory H. Counts
**GREGORY H. COUNTS**
State Bar No.46771

**ATTORNEY FOR MOVANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served on the US Trustee, Debtor's counsel, proposed counsel to the unsecured creditors committee, and the unsecured creditors committee as follows on this the 12th day of March, 2009.

Mr. Frank Bove, Esq.
OFFICE OF THE UNITED STATES TRUSTEE
115 South Union Street
Alexandria, Virginia 22314

Alan Michael Noskow
Patton Boggs LLP
8484 Westpark Drive
9th Floor
McLean, VA 22102-3596

Counsel to Debtor

Kenneth Michael Misken
McGuireWoods LLP
1750 Tysons Blvd.
McLean, VA 22102
Proposed Counsel to Unsecured Creditors Committee

William N. Cunningham
c/o Kathryn A. Rumberger
PO Box 1151
Woodinville, WA 98072

Mary S. McNeely
c/o Michael McNeely, Guardian
1527 West Highway, S.H.114
Suite 500, PMB 326
Grapevine, TX 76051

Cesare & Louellen Siepi
c/o Robert D. Johnson, Esq.
10929 Crabapple Rd.
Roswell, GA 30075

Virginia Ann Howarth
c/o David S. Howarth
2165 Chalet Dr.
Rochester Hills, MI 48309

Matthew C. Allen, Jr.
PO Box 769
Memphis, TX 79245

Michael & Bonnie Rogers
27756 N. Lakeview Cr.
Waucanda, IL 60084

/s/ Gregory H. Counts
Gregory H. Counts