# United States Bankruptcy Court
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | : | |
| NATIONAL HERITAGE FOUNDATION, INC. | : | Case No. 09-10525-SSM (Chapter 11) |
| Debtor | : | |
| ELAINE SHOUTEN KIRCHOFF FOUNDATION | : | |
| and | : | |
| CHRISTOPHER R. KIRCHOFF | : | |
| Plaintiffs | : | |
| -v- | : | Adversary No. _____ |
| NATIONAL HERITAGE FOUNDATION, INC. | : | |
| Defendant | : | |

## **COMPLAINT**

COME NOW the Plaintiffs, ELAINE SHOUTEN KIRCHOFF FOUNDATION and CHRISTOPHER R. KIRCHOFF, by Counsel, and pursuant to Fed. R. Bankr. P. 7000, files this Complaint against the Defendant, NATIONAL HERITAGE FOUNDATION, INC. and in support thereof states as follows:

**Parties, Jurisdiction and Venue**

1. The Plaintiff, Elaine Shouten Kirchoff Foundation (hereinafter referred to as "ESK") is an unincorporated association of family and friends of Elaine Shouten Kirchoff, and has, since 2002 been involved in the active raising of charitable contributions to benefit persons undergoing

cancer treatment, and their families. At all times relevant to this litigation ESK operated from and conducted its fund raising activities in the State of Maryland.

2. The Plaintiff, Christopher R. Kirchoff is the surviving spouse of Elaine Shouten Kirchoff, and is the principal agent of ESK. Although Mr. Kirchoff currently resides in the State of North Carolina, he was, at all times relevant to this litigation a resident of and domiciled in the State of Maryland.

3. On information and belief, the Defendant, National Heritage Foundation, Inc. (hereinafter referred to as NHF) is a corporation organized and existing under the laws of the State of Georgia, but ordinarily and customarily conducts business in many states, including the State of Maryland and maintains its principal place of business in the Commonwealth of Virginia.

4. On January 24, 2009 the NHF filed its petition for relief pursuant to Chapter 11 of Title 11 of the United States Code, and has remained in possession of its property and maintained the conduct of its business affairs since that time, and not trustee has been appointed in that Chapter 11 matter.

5. At no time have the Plaintiffs been given any legal notice of the filing of such Chapter 11 petition, and only discovered the actual existence of such petition on or about the 20th day of October, 2009.

6. That this court has proper jurisdiction over this matter pursuant to 28 U.S.C. §1334, as referred to this court by order entered on July 13, 1984 by the United States District Court for the Eastern District of Virginia.

7. That this matter involves a "core proceeding" as such term is defined in 28 U.S.C. §157(b)(2)(a).

8. Venue is proper in this District pursuant to 28 U.S.C. §1408.

**General Allegations of Fact**

9. ESK is an unincorporated association of family and friends of Elaine Shouten Kirchoff, a young mother of three who succumbed to non-Hodgkin's Lymphoma, at age 30, on May 10, 2001. These family and friends sought a vehicle by which they might both honor Elaine's memory, and extend the legacy of giving and caring that Elaine had exhibited during her short life. To that end ESK conducted annual golf tournaments to raise funds, conducted auctions of donated property, and the various members themselves donated tens of thousands of dollars to ESK. In the years from 2002 to 2008 ESK raised more than $300,000.00 and made gifts to various cancer related charities during that time in excess of $60,000.00. The individual Plaintiff, Christopher R. Kirchoff himself donated a significant amount of money to the efforts of ESK.

10. During the period of time that the principals of ESK were organizing their charitable efforts, they received financial advice that rather then expend thousands of dollars in organizational efforts they should enter into an agreement with NHF to administer the charitable tax aspects of ESK and to provide 501(c)(3) treatment of gifts and donations made to ESK.

11. ESK entered into an agreement with NHF to become a "donor advised fund" under the auspices of NHF.

12. Mr. Kirchoff entered into the above referenced agreement with NHF on behalf of ESK.

13. Such agreement provided, *inter alia*, that NHF would for its management efforts receive 2.5% of each donation, and an annual fee of 1.5% of the balance of funds of ESK on deposit with or in the control of NHF. It was the understanding of Mr. Kirchoff, and other members of ESK, that such amounts would be the limit of funds available to NHF for overhead and operational expenses.

14. That as a result of such agreement, ESK forwarded to NHF the funds raised at its annual fund raising events, as well as other funds raised by the ESK membership.

15. The funds that were forwarded to NHF were in turn, in accordance with the agreement between Mr. Kirchoff and NHF held in a separate investment account with Pershing, LLC and such account was titled, National Heritage Foundation, Inc. f.b.o. Elaine Shouten Kirchoff Foundation.

16. It was the understanding of the parties, ESK and NHF, at the time they entered into the donor advised fund agreement that the funds on deposit with, and contributed to NHF, through the efforts of ESK were restricted in the amount of overhead and operating expense load to which they would be subject.

17. NHF in this matter has filed a Plan of reorganization in this matter, without notice to ESK or Mr. Kirchoff, which provides, in part, that all or substantially all of the donor advised funds held by NHF would be liquidated to pay the claims of individuals holding claims against the NHF by virtue of certain estate planning vehicles and claims resulting from apparently illegal activity by the principals of NHF.

18. That the distribution of funds held for the benefit of ESK under the Chapter 11 Plan to such claimants would be in violation of the agreement of the parties, and would result in the irreparable harm to ESK, the donors to ESK and the intended beneficiaries of such funds.

### Count I – Declaratory Judgment

19. The Plaintiffs restate and incorporate the allegations of paragraphs 1 through 18, inclusive, above, as though fully rewritten herein.

20. That as a result of the allegations contained above, and the agreement of the parties, there exists an actual controversy between the parties as to the rights of NHF to dispose of the corpus

of the ESK gifts in a manner inconsistent with the restrictions on such gift at the time of the delivery of such gift to NHF.

21. That pursuant to 28 U.S.C. §2201, *et seq.* this Court ought to issue an order of declaratory judgment stating and declaring that the rights of NHF to the ESK funds are restricted by the terms of such gift, including a prohibition against the use age of the funds for payment of claims pursuant to the Chapter 11 Plan confirmed in this matter.

## Count II – Injunctive Relief

22. The Plaintiffs restate and incorporate the allegations of paragraphs 1 through 18, inclusive, above, as though fully rewritten herein.

23. That monetary damages or other such legal relief is not sufficient to protect the rights of the Plaintiffs, the intended beneficiaries of the ESK gifts, and therefore no adequate remedy at law exists in this matter.

24. That the distribution of funds held for the benefit of ESK under the Chapter 11 Plan to such claimants would be in violation of the agreement of the parties, and would result in the irreparable harm to ESK, the donors to ESK and the intended beneficiaries of such funds.

WHEREFORE the Plaintiffs pray that this Court make and enter such orders as necessary and proper, as follows:

1. Pursuant to Count I – judgment declaring that the funds held by NHF for the benefit of ESK, as such accounts were titled, were and are restricted fund donations which cannot be used by NHF for operating or overhead expenses, and

2. Pursuant to Count II – judgment of injunction prohibiting, temporarily and permanently, NHF, its agents, officers, directors and employees from liquidating the funds held

5

for the benefit of ESK, except to make appropriate donations to cancer related charities or such funds as may be advised by ESK, in accordance with the agreement of the parties.

                                       ELAINE SHOUTEN
                                       KIRCHOFF FOUNDATION and
                                       CHRISTOPHER R. KIRCHOFF
                                       By Counsel

/s/Timothy J. McGary
Timothy J. McGary, #21208
Counsel for
10500 Sager Avenue, Suite G
Fairfax, Virginia 22030-2414
(703) 352-4985
(703) 352-5938 (Fax)
Email: tjm@mcgary.com